# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAAD OSMAN,

          Petitioner,

v.                         Case No. 25-CV-286

DALE J. SCHMIDT,

          Respondent.

## DECISION AND ORDER

The United States Citizenship and Immigration Services (USCIS) on January 22, 2024, issued a final order of removal as to Saad Osman, a citizen of Somalia. (ECF No. 1 at 10.) On August 20, 2024, Osman filed an application for Temporary Protected Status (TPS) under 8 U.S.C. § 1254a. (ECF No. 1 at 10.)

TPS allows nationals of designated countries suffering from war, natural disasters, or other "extraordinary and temporary conditions" to seek temporary protection against removal. 8 U.S.C. § 1254a; *see also Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021); Designation of Nationals of Somalia for Temporary Protected Status, 56 Fed. Reg. 46,804 (Sept. 16, 1991); Notice of Temporary Protected Status (TPS) Extension and Redesignation, 89 Fed. Reg. 59,135 (July 22, 2024) (extending TPS eligibility for Somali nationals through March 17, 2026); *cf. Escalante-Ramires v. United States AG*, No. 23-11990, 2024 U.S. App. LEXIS 14462, at *14-16 (11th Cir.

June 14, 2024) (per curiam) (discussing TPS requirements generally); *Martinez v. Wolf*, No. 20-cv-23838-COOKE, 2021 U.S. Dist. LEXIS 259100, at *3-7 (S.D. Fla. Sep. 29, 2021) (discussing TPS generally). "TPS protects its recipients from removal only while the designation is valid; it affords no pathway to family reunification, permanent residency, or citizenship." *Dhakal v. Sessions*, 895 F.3d 532, 537 (7th Cir. 2018). An applicant for Temporary Protected Status "who establishes a prima facie case of eligibility for benefits" "shall be provided" the benefits of Temporary Protected Status until a final determination is made as to his eligibility. 8 U.S.C. § 1254a(a)(4)(B).

Following his application, Osman was released from ICE custody in October 2024. (ECF No. 1 at 10.) But at a periodic check-in appointment with ICE on February 5, 2025, he was detained. (ECF No. 1 at 10.)

He is currently detained at the Dodge County Detention Facility in the custody of Sheriff Dale J. Schmidt. Osman filed the present petition for a writ of habeas corpus on February 26, 2025, alleging that his detention is arbitrary and violates his substantive due process rights. (ECF No. 1 at 10.) With the consent of the respondent, the court granted Osman's motion for a temporary restraining order enjoining the respondent from removing Osman pending the resolution of his habeas petition. (ECF No. 6.)

Osman contends that he is prima facie eligible for TPS. Therefore, while his application is pending, he is entitled to the benefits of TPS and cannot be detained, *see* 8 U.S.C. § 1254a(d)(4).

2
Case 2:25-cv-00286-BBC    Filed 03/20/25    Page 2 of 7    Document 12

However, the Service Center Operations Directorate (SCOPS) of USCIS on March 3, 2025, determined that Osman is not prima facie eligible for TPS. (ECF No. 8, ¶ 4.) More significantly, the respondent argues that 8 U.S.C. § 1252(g) deprives the court of jurisdiction to consider Osman's petition. (ECF No. 7 at 2.)

The court begins, as it must, with the question of jurisdiction. *See Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019) ("Subject-matter jurisdiction is the first issue in any case …."). Section 1252(g) bars federal courts from reviewing administrative decisions "to commence proceedings, adjudicate cases, or execute removal orders." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). The statute, however, does not bar the court from considering a petition for a writ of habeas corpus merely because it has some relationship to a removal order. *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Vargas v. Beth*, 378 F. Supp. 3d 716, 722 (E.D. Wis. 2019). The question of detention is often independent of the question of removal. *Vargas*, 378 F. Supp. 3d at 722.

Osman's claim threads this needle. He challenges his detention, not his removal. *See Vargas*, 378 F. Supp. 3d at 723 ("Vargas contends that his detention without bond is unlawful, which is precisely the sort of collateral issue over which this court retains jurisdiction." (internal citation omitted)); *see also Sanchez v. Longshore*, Civil Action No. 08-cv-01937-WYD, 2008 U.S. Dist. LEXIS 83450, at *7 (D. Colo. Sep. 29, 2008). Specifically, he argues that his detention is unlawful because he is prima facie eligible for TPS and therefore eligible for the benefits of TPS pending

a final decision on is application. Because the court has jurisdiction over his petition generally, it turns to the merits of his claim.

When Osman filed the present petition, there had not been any explicit finding as to his prima facie eligibility. Subsequently, USCIS purportedly found that he is not prima facie eligible for TPS. This finding, however, is supported only by the declaration of Julia Harrison, Deputy Director with the Service Center Operations Directorate of U.S. Citizenship and Immigration Services, Waivers and Temporary Status Portfolio. (ECF No. 8.) She states merely, "On March 3, 2025, [the Service Center Operations Directorate] reviewed Petitioner's Form I-821 for prima facie eligibility for TPS and determined that Petitioner is not prima facie eligible for TPS." She does not provide any further explanation as to why Osman was found to not be prima facie eligible for TPS. The court has not been provided with any sort of written decision supporting Harrison's declaration.

In reply, Osman argues that this procedure whereby his prima facie eligibility was allegedly determined was highly irregular and inconsistent with the policy that USCIS announced a few weeks prior. (ECF No. 10 at 11 (citing *Mansor v. USCIS*, No. 2:23-cv-347, ECF No. 97[1] (W.D. Wash.)).) Osman asserts that it is actually USCIS's policy to determine prima facie eligibility at the same time it adjudicates the merits of the underlying TPS application. (ECF No. 10 at 11.)

---

[1] Osman failed to provide the court with a copy of the cited document, and the document is not accessible to the court via CM/ECF or PACER.

Accepting for present purposes that USCIS either did not actually determine Osman's prima facie eligibility or did so in a manner that violated USCIS's internal policies, Osman has not shown that either circumstance merits his release. Osman's claim for release depends on his prima facie eligibility for TPS. If USCIS does not determine prima facie eligibility until it reviews the underlying petition then prior to USCIS's final determination, a TPS applicant necessarily fails to show he is prima facie eligible for TPS while his application is pending.

Osman's argument seems to be that he is entitled to release in the interim—*i.e.*, before USCIS makes a prima facie determination of his TPS eligibility. But that outcome is not supported by the text of the statute or implementing regulations, which afford applicants relief only after the applicant is found prima facie eligible. 8 U.S.C. § 1254a(a)(4); 8 C.F.R. § 244.5.

That Osman was found to not be prima facie eligible for TPS distinguishes *Salad v. Dep't of Corr.*, No. 3:25-cv-00029-TMB-KFR, 2025 U.S. Dist. LEXIS 42214 (D. Alaska Feb. 25, 2025), on which Osman relies. In *Salad* there was no dispute that the petitioner was prima facie eligible for TPS. *Id.* at *4-5.

Or perhaps Osman is arguing that a federal district court faced with a habeas petition may determine the applicant's prima facie eligibility in the first instance. Granted, the statute and regulations are silent as to when or how an alien is supposed to "establish a prima facie case of eligibility for benefits" or who is to make the determination. *See* 8 U.S.C. § 1254a(a)(4); 8 C.F.R. § 244.5. But nothing in the text or history of the statute or the structure immigration law generally suggests that prima

facie eligibility is a determination for a federal district court. Rather, as embodied in the exhaustion doctrine, *see, e.g.*, *Cuesta v. U.S. Immigr. & Customs Enf't*, No. 21-CV-695, 2022 U.S. Dist. LEXIS 85266, at *16 (E.D. Wis. May 11, 2022) (citing *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)), the assumption is that matters are first addressed administratively.

Granted, protracted detention may merit habeas relief. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.") Therefore, an unreasonable delay in USCIS determining an applicant's prima facie eligibility or ultimate resolution of an application may constitute waiver of any failure to exhaust. But Osman has failed to show that his detention has (or even is likely to) become unconstitutionally protracted. *Cf. Salad*, 2025 U.S. Dist. LEXIS 42214, at *14-16 (recommendation that habeas relief be granted to TPS applicant due to protracted detention), *adopted by Salad v. Dep't of Corr.*, No. 3:25-cv-00029-TMB-KFR, 2025 U.S. Dist. LEXIS 41117 (D. Alaska Mar. 7, 2025).

As to the narrow question presented—whether Osman has shown that he must be released from custody pending a review of his TPS application—he has failed to show that he is entitled to relief. Only a TPS applicant "who can establish a prima facie case of eligibility for benefits" under 8 U.S.C. § 1254a(1) is entitled to those benefits pending resolution of his application. 8 U.S.C. § 1254a(a)(4). Insofar as USCIS determined that Osman has not established a prima facie case of eligibility

for benefits, Osman has failed to show that this court may supersede that conclusion by way of a petition for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that Temporary Restraining Order (ECF No. 6) is **vacated**, Saad Osman's petition for a writ of habeas corpus (ECF No. 1) is **denied**, and this action is **dismissed**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the respondent's motion to file a sur-reply (ECF No. 11) is **dismissed as moot**.

Dated at Green Bay, Wisconsin this 20th day of March, 2025.

<u>s/ Byron B. Conway</u>
BYRON B. CONWAY
United States District Judge